LOWE *v.* LOWE

[No. 141, September Term, 1958.]

*Decided March 19, 1959.*

The cause was argued before HENDERSON, HAMMOND,

PRESCOTT and HORNEY, JJ., and HENRY, JR., Chief Judge of the First Judicial Circuit, specially assigned.

*Arthur J. Hilland,* for appellant.

*Joseph B. Simpson, Jr.,* with whom were *Simpson & Simpson, Vivian V. Simpson* and *H. Algire McFaul* on the brief, for appellee.

HENRY, JR., J., by special assignment, delivered the opinion of the Court.

The appellant, Eugene E. Lowe, as mortgagor of certain chattels, filed exceptions in the Circuit Court for Montgomery County to the report of foreclosure sale submitted by the assignee under the mortgage. The grounds of the exceptions were that the property sold had been wrongfully seized and kept by the mortgagee pending the sale inasmuch as no default had occurred under the mortgage, that notice of the sale was defective, that the mortgagee-purchaser had failed to comply with the advertised terms of the sale, and that the mortgage would not have been in default had the mortgagee first applied certain other security to payment of the underlying debt as he allegedly should have. After taking testimony the Chancellor concluded that no sufficient grounds were shown on which to set aside the sale. Accordingly, an order was entered dismissing the exceptions and ratifying the sale. From that order the appeal has been taken.

The parties to the mortgage under consideration are brothers, and in 1955 they were operating a general excavating business as partners. In the latter part of that year the partnership purchased certain machinery consisting of a dump truck, tilt-top trailer and caterpillar front-end loader at a cost of approximately $26,655. On May 10, 1956, the brothers borrowed $25,000 from the Farmers Banking and Trust Company of Montgomery County (hereinafter referred to as the Bank) to help pay for this equipment and on the same date gave their joint demand promissory note for the amount of the loan, said note having been co-signed by their father, Arthur L. Lowe, Sr. The father died on September 12,

1956, leaving a Last Will and Testament which included a legacy of $10,000 to be paid to the appellant one year after the death of the testator and which devised the remainder of his estate to the appellee, who was named Executor under the Will.

On December 1, 1956, the parties entered into a written agreement by the terms of which the appellee sold his entire interest in the business to the appellant in consideration of the latter agreeing, among other things, to pay the $22,000 then due to the Bank on the above mentioned demand promissory note in monthly instalments of $500.00 plus interest. As security for the payment of the balance due on the note the appellant assigned to the appellee his legacy of $10,000 under his father's will to hold "until said note is paid in full", and in addition agreed to execute a chattel mortgage in his favor in the sum of $22,000 upon the equipment which the parties had purchased with the loan from the Bank. The mortgage, which was executed and recorded shortly thereafter in accordance with the terms of the agreement, included a recital of consideration consisting of a then existing debt of $22,000 owed by the mortgagor to the mortgagee, which the former agreed to pay, together with annual interest of 5%, on demand after date. In the agreement which had given rise to the mortgage, however, the parties had provided that it was to become due and payable if the note to the Bank "was not paid when due."

The testimony below discloses that the appellant made only two $500 payments against the principal sum of the note from December, 1956, up to the date in August, 1957, when the appellee took possession of the mortgaged chattels. On December 3, 1957, the assignee instituted foreclosure proceedings under the mortgage, and on January 3, 1958, he sold the property therein described at public auction. The appellee, with the high bid of $13,000, purchased the chattels.

The appellant contends that despite his failure to make the agreed upon monthly payments to the Bank, the appellee had no right to seize the mortgaged chattels or at least no right to hold them after September 12, 1957, when the appellant became entitled to receipt of the $10,000 legacy under his

father's will. He claims that had this legacy been assigned to the Bank at that time, the note would no longer have been in default and the mortgage, consequently, would not have been due and payable. The testimony shows that the legacy was paid to the Bank with interest, on March 4, 1958.

It is conceded that the appellee has made no payments on the note from his own funds since entering into the agreement which dissolved the partnership. The appellant argues that the very terms of the mortgage as well as the circumstances surrounding its execution show clearly that it was intended merely to indemnify the mortgagee against any actual loss he might suffer by reason of a default on the part of the appellant in repaying the loan to the Bank. The appellant contends that until the appellee has used some of his own funds for this purpose he has suffered no "loss" which would entitle him to foreclose.

Finally, the argument is made that the foreclosure sale to the appellee should not have been ratified because his bid price of $13,000 was not paid in accordance with the advertised terms of sale, which required payment of the bid price in cash at time of sale.

In the view which we take of this matter it is unnecessary for us to consider these contentions in detail. The appellee has filed a motion to dismiss the appeal on the ground that no appeal bond has been filed to stay the operation of the Chancellor's decree, and all of the chattels foreclosed upon have since been resold to *bona fide* purchasers. Appropriate affidavits evidencing such sales have been submitted and appear to be in order.

Failure to file an appeal bond, as provided for by Maryland Rule 817, does not operate to invalidate an appeal. *Preske v. Carroll,* 178 Md. 543; *Baltimore v. B. & O. R. R. Co.,* 21 Md. 50; *Price v. Thomas,* 4 Md. 514. However, in *Shirk v. Soper,* 144 Md. 269, 288, and *Preske v. Carroll, supra* (p. 551), it was clearly recognized that the rights of a *bona fide* purchaser of mortgaged property would not be affected by a reversal of the order of ratification in the absence of a bond having been filed. See also *Sawyer v. Novak,* 206 Md. 80, 88. The only exception to this rule is in cases where

there is unfairness or collusion by the purchaser in the trustee's sale. *Herman v. Bldg. & Loan Co.,* 145 Md. 480, 490; *Lenderking v. Rosenthal,* 63 Md. 28, 38. Although we do not think that any of the contentions of the appellant even go to the question of "unfairness or collusion in making the sale by the trustee" there is the further factor in the instant situation which was not present in any of the above cited cases, namely, that the purchaser, since the passage of the Chancellor's decree, has resold all of the property involved in this controversy to persons who are complete strangers to the foreclosure proceeding. It is at once apparent, therefore, that even were we to reverse the Chancellor's decree we would be powerless to grant the only relief prayed.

A court should confine itself to the case before it and refrain from deciding moot issues. *Grau v. Board of Zoning Appeals,* 210 Md. 19; *Banner v. Home Sales Company D,* 201 Md. 425. We must, therefore, dismiss this appeal on the ground that the controversy has become moot. In so doing, however, we note that the order of the Chancellor from which the appeal was taken will not be binding in any subsequent action between mortgagor and mortgagee based upon a different cause of action. See *Grau v. Board of Zoning Appeals, supra,* and authorities cited.

*Appeal dismissed, costs to be paid*
*by appellant.*