DUDLEY, JR. *v.* STATE ROADS COMMISSION ET AL.

[No. 187, September Term, 1960.]

614

*Decided April 3, 1961.*

*Motion for rehearing filed April 6, 1961, denied April 7, 1961, and opinion modified.*

The cause was argued before BRUNE, C. J., and HENDER-SON, PRESCOTT, HORNEY and MARBURY, JJ.

*Robert C. Thompson* for appellant.

Submitted by *Thomas B. Finan, Attorney General, Joseph D. Buscher, Special Assistant Attorney General,* and *Walter W. Claggett, Special Attorney,* for appellees.

MARBURY, J., delivered the opinion of the Court.

The appellant appealed from an order of the Circuit Court for Kent County in Equity sustaining appellees' demurrers to appellant's amended bill of complaint, which prayed that the court set aside a deed of easement granted by the State Roads Commission and the Board of Public Works to All States Corporation, which deed permits a private service road to cross the right of way line of the Blue Star Highway, U. S. Route 301.

In his amended bill the complainant alleged that he is a taxpayer of the State of Maryland, and as such is entitled to seek relief in the courts to set aside illegal or *ultra vires* acts of an administrative agency of the State which injuriously affect his rights and property. He alleged that the State Roads Commission constructed this highway on the Eastern Shore of Maryland and designated it on the official plats filed for public record as an "Expressway and no access either vehicular, pedestrian and/or animal will be permitted across the lines designated 'Right of Way Line of Through Highway' except by means of such public road connections as the Commission may construct or permit to be constructed."; that the Blue Star Highway is in fact an expressway as defined by Code (1957), Art. 89B, Sec. 29 (c) extending from the Chesapeake Bay Bridge to the Delaware State line; and that pursuant to said construction the State Roads Commission acquired the lands of Charles S. and Helen B. Church, in Kent County abutting the highway, by a deed which contained the following clause:

> "'AND THE GRANTORS DO FURTHER GRANT' unto the State of Maryland to the use of the State Roads Commission, its successors and assigns, any and all right whatsoever of the Grantors, their heirs, successors and assigns, of any means

whatsoever of ingress and egress between the THROUGH HIGHWAY and the remaining property across the line which is designated 'RIGHT OF WAY LINE OF THROUGH HIGHWAY' to the end that there never will be any vehicular, pedestrian and/or animal access to or from said through highway and their remaining property across those lines which are so marked on the above mentioned plats except by means of such public road connections to EXPRESSWAYS and/or private road connections to controlled access arterial highways as the 'COMMISSION', may construct, or permit to be constructed."

He alleged that the R.C.M. Realty Corporation then purchased the remaining lands of Church, insofar as they abutted the highway; that the latter corporation then applied to and received from the State Roads Commission a permit to construct entrances to the aforesaid lands permitting ingress and egress over and across the line designated "Right of Way Line of Through Highway" at two places; and then conveyed all of the lands acquired by it from Church, including rights created by said permit to All States Corporation. All States then received from the State Roads Commission and Board of Public Works of the State of Maryland the deed of easement dated October 2, 1957, which is the subject of this attack, wherein All States was permitted access to and from its property for its use and that of its invitees across the said "right of way line of through highway" at two certain stations shown on an official plat of the State Roads Commission which established such ingress and egress as part of a service road as it crosses the fee simple lands acquired by the Commission from Church as it binds lands of All States. In 1959 subsequent to the construction of the highway the service road along its easterly line was completed and does cross the right of way line of Route 301. He charges that the granting of said easement was in violation of statutory authority, it having been determined in advance that ingress and egress over the right of way line of 301 would be by

public roads only, which was stamped on the face of all State Roads Commission official plats applicable to this construction. He claimed that the granting of said easement was likewise illegal because the State Roads Commission, as a subsequent grantor under the deed from Church to the Commission, violated the "covenants" contained in said deed.

Finally he claims that taxpayers monies were expended by the State Roads Commission in the original purchase of the lands from Church to compensate Church for the denial of access across the right of way line of Route 301 which has now been granted by the deed of easement, so that the same is illegal *ultra vires* and void *ab initio*.

His first contention is that as a taxpayer he has a right to bring this suit and as such is specially damaged, as distinguished from the general public, in that taxpayers' funds purchased a non-access highway, continue to pay for same, and that the fact that this access has been illegally broken results in special damages. The chancellor in his opinion agreed that appellant had sufficient standing to support his right to bring this suit as a taxpayer. Under the many cases cited in *McKaig v. Mayor & C. C. of Cumberland,* 208 Md. 95, at page 102, 116 A. 2d 384, we think this ruling was clearly correct, even though a taxpayer may be wrong in his contention, he nevertheless has the right to invoke the aid of a court in order to make his contention. *Funk v. Mullan Contracting Co.,* 197 Md. 192, 78 A. 2d 632.

The appellees in their brief argued that this case is now moot because subsequent to the chancellor's order sustaining the demurrers to the amended bill of complaint in which he dismissed the same, and the date the appeal was noted to this court, All States has conveyed the service road in question to the County Commissioners of Kent County, Maryland, who have accepted the same as a public road which has been maintained by them and used as such ever since. We think this point is well taken because it is clear under the pleadings that had the service road been a public road at the time the complaint was initiated, he, as a taxpayer, would have had no cause of action. Now that the service road has

been conveyed to and accepted by the County Commissioners as a public road the issue in this case has become moot. The general rule is that a court should confine itself to the particular relief sought and refrain from deciding abstract moot issues of law which may remain after that relief has ceased to be possible. *Lowe v. Lowe,* 219 Md. 365, 149 A. 2d 382; *Banner v. Home Sales Co.,* 201 Md. 425, 94 A. 2d 264; *Public Service Comm. v. Chesapeake & P. Tel. Co.,* 147 Md. 279, 281, 128 Atl. 39.

Since we hold that the case is now moot we do not reach the appellant's last two contentions.

> *Appeal dismissed. Appellant to pay the costs.*