## WILLIAM H. ONDERDONK ET AL. *v.* ALEXANDRINA R. ONDERDONK ET AL.

[No. 726, September Term, 1973.]

*Decided June 14, 1974.*

622

The cause was argued before MORTON, THOMPSON and LOWE, JJ.

*William H. Onderdonk,* with whom was *James O. Onderdonk* on the brief, for appellants.

*H. Emslie Parks,* with whom were *Wright & Parks* on the brief, for appellees.

MORTON, J., delivered the opinion of the Court.

The first phase of the controversy involved in this appeal was resolved by the Court of Appeals in *Onderdonk v. Onderdonk,* 269 Md. 563. As Judge William J. McWilliams, speaking for the Court, depicted the setting, at 563-564: "There are eight Onderdonks. In common they own a 6.29 acre lot at the northeast corner of Joppa Road and Bellona Avenue in Baltimore County. Around the turn of the century the lot was improved by a 20 room frame dwelling now somewhat the worse for wear, tear and neglect. Alexandrina, who is 66, wants to sell the property; Barbara,

49, Anna, and Phillip have agreed; Robert, 53, and John, 65, do not object; James, 59, and William, 56, do object. The ages of Anna and Phillip are not mentioned but it is possible to infer they are between 55 and 60."

Alexandrina Onderdonk filed a bill seeking the sale of the property in lieu of partition. After a hearing before Judge John E. Raine, Jr., in the Circuit Court for Baltimore County, at which there was testimony that the property could not be equitably partitioned, a decree was issued appointing trustees to sell the property provided that "any private sale of said property shall not be less than $130,000." Both James and William Onderdonk, appellants here, filed an appeal and in *Onderdonk v. Onderdonk, supra,* the Court of Appeals affirmed Judge Raine's decree of sale. Thereafter, the trustees negotiated a sale of the property for the sum of $150,000 and duly reported the sale to the court. The appellants herein filed exceptions to the report of sale. A hearing was held on October 10, 1973, during which the appellants offered no evidence. Their exceptions were overruled, the sale was ratified and the trustees executed a deed conveying the property to the contract purchaser.

Appellants have appealed from the court's ratification and pose the single issue: "Did the court err in overruling the exceptions to the report of sale?"

The appellee, Alexandrina Onderdonk, has filed a motion to dismiss the appeal on the ground that the issue is moot, since the sale has been ratified and a deed executed by the trustees conveying the property to a bona fide purchaser. We think the motion is well taken.

Md. Rule 1017 (a) (substantially identical with Rule 817 (a)) provides: "An appellant may stay the execution of a civil judgment from which an appeal is taken * * * by filing a supersedeas bond in the form and approved in the manner prescribed by Rules 1018 * * * and 1020." Rule 1017 (b) provides: "A supersedeas bond may be filed with the clerk of the lower court at any time before satisfaction of the judgment from which the appeal is taken, but execution shall not be stayed until the bond is filed." It is clear from

the record before us that no supersedeas bond was filed by the appellants.

Failure to file a supersedeas bond as provided by the Rules does not, *per se*, operate to invalidate the appeal. On the other hand, it is well established that the rights of a bona fide purchaser of property through a judicial sale cannot be affected by a reversal on appeal of the order ratifying the sale in the absence of the filing of a supersedeas bond. *Lowe v. Lowe*, 219 Md. 365; *Sawyer v. Novak*, 206 Md. 80; *Cook v. Boehl*, 188 Md. 581; *Middendorf v. Baltimore Refrigerating and Heating Company of Baltimore City*, 117 Md. 17. The only exception to this rule is in those cases where there is manifest unfairness in the sale or evident collusion between the purchaser and the trustee or trustees. *Lowe v. Lowe, supra*, 368-369; *Sawyer v. Novak, supra*, 88. There is no evidence in the record before us which would bring into play the exception. As a matter of fact, the purchase price of the property was $20,000 in excess of the minimum sales price imposed upon the trustees by Judge Raine.

Since ratification of the sale by the chancellor could not be stayed in the absence of the filing of a supersedeas bond by the appellants, the trustees were not only within their rights but were obligated to convey the property to the bona fide purchaser. The conveyance having been consummated, and the rights of the bona fide purchaser having intervened, this Court is powerless to act in derogation of those rights.

Appellants' reliance upon *Durst v. Durst*, 225 Md. 175, is misplaced. There, a husband brought suit to recover possession of an insurance policy which his wife held in her possession. He was adjudged entitled to the policy and the clerk of court delivered it to him four days after the wife had filed an appeal from the judgment awarding the husband the policy. The wife filed a supersedeas bond two days after the delivery of the policy. The husband argued that the wife's appeal should be dismissed because he had possession of the policy in satisfaction of the judgment, thus rendering the issue moot. In refusing to find the issue moot, the Court pointed out, at 182, that the cases cited by the husband "involve intervening rights of innocent purchasers of real

property at mortgage and judicial sales. In the case before us there are no intervening innocent parties to protect but a bona fide dispute and rights which remain to be decided." It is at once apparent that the case is inapposite since here the rights of an innocent purchaser of real property are involved. Moreover, in *Durst* a supersedeas bond had been filed, although not timely, while in the case before us no supersedeas bond has ever been filed.

The appellants could have prevented the execution of the deed by the trustees, pending the appeal, by filing a bond or otherwise seeking a stay. Not having done so, whether the chancellor was in error in overruling the appellants' exceptions to the ratification of the sale becomes a moot issue. Courts will not, of course, ordinarily pass upon moot issues. *Lowe v. Lowe, supra,* 369.

We are bound to say, however, that even if the issue were properly before us, we would have no hesitancy in affirming the order overruling the appellants' exceptions to the trustees' report of sale for they produced no evidence whatsoever in support of their exceptions.

*Appeal dismissed.*
*Costs to be paid by appellants.*