CREATIVE DEVELOPMENT CORPORATION *v.*
CALHOUN BOND, Trustee

[No. 31, September Term, 1976.]

* * *

CREATIVE DEVELOPMENT CORPORATION *v.*
CALHOUN BOND, Trustee

[No. 486, September Term, 1976.]

*Decided December 29, 1976.*

The cause was argued before GILBERT, C. J., and POWERS and DAVIDSON, JJ.

*Paul Mark Sandler,* with whom were *Cohan, Altman & Sandler* on the brief, for appellant.

*Louis B. Thalheimer,* with whom were *William J. Rubin, H. Russell Frisby, Jr.,* and *Cable, McDaniel, Bowie & Bond* on the brief, for appellee.

GILBERT, C. J., delivered the opinion of the Court.

On May 15, 1973, Creative Development Corporation (Creative) granted to Calhoun Bond, Esquire, Trustee, a deed of trust securing the sum of $6,500,000 to be used in the purchase and renovation of Suburban Oaks, a building situated in the Pikesville area of Baltimore County. Creative proposed to convert the building from rental apartments to condominium units. Bond was the trustee designated by the lender, Chase Manhattan Mortgage and Realty Trust (Chase). Subsequently, on July 31, 1974, Creative granted a second deed of trust to Bond securing an additional $735,000. That sum was also advanced by Chase.

Approximately one year later, July 23, 1975, Bond, as trustee, commenced foreclosure proceedings under both deeds of trust as to sixty-eight condominium dwelling units that had not been released from the lien of the two deeds of trust, ". . . as well as the aggregate undivided interest in the common elements of Suburban Oaks Apartment Condominium appertaining to such units. . . ."

Bond asserted in his petition to foreclose that Creative had failed to pay the real estate taxes when due, failed to take appropriate steps to prevent collection by the county of real estate taxes during the contest of the amount of tax due, and failed to pay promptly condominium assessments or charges. Bond later amended his petition by incorporating another ground of default, *i.e.,* the failure of Creative ". . . to maintain and keep the mortgaged premises in good repair. . . ."

The two deeds of trust contained identical "assent to

decree" clauses, which provided in pertinent part that Creative did

> "(1) declare its assent to the passing of a decree for the sale of the Mortgaged Property at any time after the recording of this Indenture (said sale to take place after a default has occurred in any of the conditions of this Indenture as herein provided); and (2) also authorize the Trustee, . . . after any such default shall have occurred as aforesaid, to sell the Mortgaged Premises. . . ."

The circuit court, acting pursuant to Md. Real Prop. Code Ann. § 7-105 (a) and Md. Rules W77 a, W72 c 2, d, e, and f,[1] passed a decree commanding ". . . that the property subject to the Deed of Trust and the Second Deed of Trust . . . be sold. . . ."

Creative responded to the foreclosure proceeding by filing, in the same case, a "Petition to Enjoin Decree." Creative averred that it was not in default under the deeds of trust and,

> "[t]hat the mortgage foreclosure procedures which include foreclosure under deeds of trust of the State of Maryland violate the due process clause of the United States Constitution in that no notice is given to the mortgagor or grantor . . . prior to the entry of a decree, and no opportunity is given to the mortgagor or grantor to contest the validity of the underlying claim of the mortgagee or trustee prior to the passing of a Decree."

After voluminous pleadings, motions, interrogatories, and depositions, the matter was heard before Judge John E. Raine, Jr., who, in an oral opinion, held that neither the Maryland law nor procedure was unconstitutional, and he dismissed the petition for an injunction. The chancellor determined that there had been a default by Creative under the terms of the deeds of trust and that

---

1. Md. Rule W72 f, amended December 17, 1975, effective January 1, 1976.

Bond could proceed with the sale. Creative appealed to this Court (Appeal No. 31) and filed in the circuit court a "Motion to Stay" pending the appellate decision. The motion was denied.

In due time, Suburban Oaks was sold at public auction to Chase for $2,400,000. Creative filed exceptions to the sale and again questioned the constitutionality of the Maryland "foreclosure procedures" for the same reasons previously advanced. Additionally, Creative contended that Bond ". . . acted in an arbitrary and capricious manner and abused . . . [his] discretion . . . by failing to advertise and offer for sale the Property both as a whole and alternatively on a unit by unit basis." Creative also asserted that the sale price was "totally inadequate." Creative's exceptions met the same fate before the chancellor as did Creative's attempt to enjoin the foreclosure. Another appeal was noted to this Court (Appeal No. 486), where, on motion, we consolidated the two cases for oral argument.

Subsequent to the ratification of the sale, Creative, unable to post a supersedeas bond to stay the effect of the ratification and sale of the condominium units to third persons, conceived of another method, designed to accomplish the same purpose as a supersedeas bond but without the costs of such a bond. Creative simply filed another suit, this time seeking to enjoin Chase's sale of the condominium units pending the outcome of the two previous appeals. Judge Raine sustained, without leave to amend, a demurrer to the action. Creative, undaunted by the ruling on the demurrer, petitioned for a reconsideration which was denied on the same date. The ruling on the demurrer and the refusal to reconsider were also appealed, but those two matters are not now before us.[2]

Md. Rule 1017 a provides that, with the exception of six specified types of actions,[3] not here applicable, civil

---

**2.** The appeal in that case is styled as No. 783. Counsel for Creative concedes that, if Creative does not prevail in the instant case, Appeal No. 783 is mooted.

**3.** The exceptions are: (1) appeals from board of liquor license

judgments are not stayed unless a supersedeas bond is filed. Creative, as we have noted, pursued both Appeal No. 31 and Appeal No. 486 without posting a bond. On oral argument, we were told by Creative's counsel that the reason a bond was not posted was because the cost was prohibitive.

We were further informed that all the condominium units had been sold to individual purchasers and that Chase no longer held title to any of the property. When asked why these two appeals are not now moot, Creative's counsel responded that the latest injunction suit (Appeal No. 783) placed would-be purchasers on notice, and hence the doctrine of *lis pendens* applied so that there is no mootness. We, however, have a different view.

While Creative's attempt to circumvent the posting of a supersedeas bond by means of an end run around the rules is novel, it is also nugatory. Patently, Creative seeks to invoke *lis pendens* as a form of supersedeas without incurring the expense of a bond. It is much cheaper to file a law suit than to post a supersedeas bond in "... such sum as will secure the amount recovered for the use and detention of the property, interest, costs and damages for delay ...", Md. Rule 1018 b 2, but the suit will not take the place of the bond. If courts were to sanction the practice upon which Creative would have us place a judicial approbation, we would cast a tremendous financial burden upon lenders who would be placed in the position of having won their case and lost it at the same time. Without any type of protection, the lenders would be compelled to hold the property that was the subject of the foreclosure pending the outcome of an appeal, would be hesitant to make improvements to the property, and might sustain a huge loss of interest income.[4]

commissioners, (2) orphans' courts, (3) orders affecting building, savings and loan and homestead associations, (4) appeals from the insurance commissioner, (5) tax assessments or classifications, and (6) sheriff's failure to turn over fees. Md. Rule 1017 b.

4. We were advised that in the instant case the interest on the deeds of trust amounted to $10,000 per week. From the time of the appeal in case No. 486 until the date of oral argument, 30 weeks have passed. Such a time lapse, under Creative's theory of the law, would have resulted in a dollar loss to Chase of $300,000.

The Court of Appeals, in a series of cases, has made unmistakable the necessity of a supersedeas bond or other type of court-ordered stay. *Ed Jacobsen, Jr., Inc. v. Barrick,* 252 Md. 507, 250 A. 2d 646 (1969); *Cook v. Boehl,* 188 Md. 581, 53 A. 2d 555 (1947); *Durkee v. Murphy,* 181 Md. 259, 29 A. 2d 253 (1942); *Middendorf v. Baltimore Refrigerating and Heating Co.,* 117 Md. 17, 82 A. 1047 (1911); *Barnum v. Barnum,* 42 Md. 251 (1875); *Eakle v. Smith,* 24 Md. 339 (1865). We have followed in the same path. *Washington Homes, Inc. v. Baggett,* 23 Md. App. 167, 326 A. 2d 206 (1974); *Onderdonk v. Onderdonk,* 21 Md. App. 621, 320 A. 2d 585 (1974). *See generally,* 4 *Poe's Pleading and Practice* § 651 (6th ed. H. Sachs 1975).

We think the case law clearly to be that the rule with respect to the posting of supersedeas bonds embraces *all* civil cases, except those noted in footnote 3, *supra.* The posting of a bond from an approved surety, Md. Rule 1020, or a deposit of money in lieu of a bond, Md. Rule 1021, are the only methods of staying a judgment unless a subsequent injunction or stay is issued, and even then a bond in an adequate amount may be required.[5]

The rationale of the doctrine of *lis pendens* is that ". . . the law does not allow litigant parties to give to others, pending the litigation, rights to the property in dispute, so as to prejudice the opposite party. 2 J. Pomeroy, *A Treatise on Equity Jurisprudence* [6] § 632 (5th ed. S. Symons 1941). The outgrowth of the rationale leads to the general rule that during the pendency of an equity suit, neither party to the litigation may alienate property in dispute so as to affect the rights of another party to the suit. *Id.* § 633.

The whole doctrine of *lis pendens,* it seems to us, is contingent upon proper and specific allegations brought in an orthodox proceeding. Were it not for the requirement in Maryland practice either of the posting of a supersedeas

---

5. *See* Md. Rule BB75.

6. The full title of Pomeroy's work is: *A Treatise on Equity Jurisprudence as Administered in the United States of America Adapted for all the States and to the Union of Legal and Equitable Remedies under the Reformed Procedure.* It is no wonder that the text is more commonly known as *Pomeroy on Equity.*

bond or court-ordered stay of a judgment, there seems to be little question but that *lis pendens* would apply to judgments from which an appeal was pending. It was never contemplated, at least in this State, that *lis pendens* could be invoked as a result of a collateral attack upon an ostensibly proper judgment, entered after a full hearing, in order to defeat the effect of the judgment and simultaneously avoid the cost of a supersedeas bond.

The old maxim, "he who seeks equity must do equity," is applicable here. Equity will not countenance Creative's collateral attack and resultant collateral appeal to act as *lis pendens* and, at the same time, place upon Bond and Chase the onus of footing the vast expense and loss to which they would be subjected while the appeal is pending, without some assurance that, if Bond and Chase prevail, they will be made whole. Creative seeks to have it both ways: a viable appeal which ties up the property of Chase, while, at the same time, not going to the expense of posting a bond. It, thus, wants to gamble, as it were, with someone else's money. We recognize that which Creative labels *lis pendens* as an impostor, masquerading as an accepted equitable principle when, in law, equity, and fact, it is not. *Lis pendens* does not apply to this case.

Because these appeals are now moot, the other interesting issues raised by Creative, *i.e.*, the constitutionality of Maryland's foreclosure procedures and the propriety of a foreclosure sale by the entirety as opposed to a unit-by-unit sale, need not be addressed at this time.

*Appeals dismissed.*
*Costs to be paid by appellant.*