**FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000099
29-DEC-2023
09:00 AM
Dkt. 154 ORD**

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

---o0o---

CAAP-18-0000099
WILMINGTON SAVINGS FUND SOCIETY, FSB, DOING BUSINESS AS
CHRISTIANA TRUST, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY
AS TRUSTEE FOR BCAT 2015-14BTT, Plaintiff-Appellee,
v.
ISABELO PACPACO DOMINGO; MICHELE ELANOR DOMINGO,
Defendants-Appellants,
and
BANK OF AMERICA, N.A.; HALEWILI PLACE COMMUNITY ASSOCIATION,
Defendants-Appellees
and
JOHN DOES 1-50; JANE DOES 1-50; DOE PARTNERSHIPS 1-50;
DOE CORPORATIONS 1-50; DOE ENTITIES 1-50; and DOE
GOVERNMENTAL UNITS 1-50, Defendants

AND

CAAP-18-0000712
WILMINGTON SAVINGS FUND SOCIETY, FSB, DOING BUSINESS AS
CHRISTIANA TRUST, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY
AS TRUSTEE FOR BCAT 2015-14BTT, Plaintiff-Appellee,
v.
ISABELO PACPACO DOMINGO; MICHELE ELANOR DOMINGO,
Defendants-Appellants,
and
BANK OF AMERICA, N.A.; HALEWILI PLACE COMMUNITY ASSOCIATION,
Defendants-Appellees
and
JOHN DOES 1-50; JANE DOES 1-50; DOE PARTNERSHIPS 1-50;
DOE CORPORATIONS 1-50; DOE ENTITIES 1-50; and DOE
GOVERNMENTAL UNITS 1-50, Defendants

NO. CAAP-18-0000099
(Consolidated with No. CAAP-18-0000712)

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 13-1-202K)


DECEMBER 29, 2023


GINOZA, CHIEF JUDGE, LEONARD AND NAKASONE, JJ.


ORDER DISMISSING APPEAL AS MOOT BY GINOZA, CHIEF JUDGE

These consolidated appeals arise out of a foreclosure action in which Defendants-Appellants Isabelo Pacpaco Domingo and Michele Elanor Domingo (together, the **Domingos**) appeal from the following entered by the Circuit Court of the Third Circuit (**Circuit Court**): (1) "Findings of Fact and Conclusions of Law; Order Granting Plaintiff's Renewed Motion for Summary Judgment and for Interlocutory Decree of Foreclosure" (**Foreclosure Order**) and "Judgment" (**Foreclosure Judgment**), both filed on January 29, 2018; (2) "Order Approving Commissioner's Report and Granting Plaintiff's Motion for Confirmation of Foreclosure Sale, Allowance of Costs, Commissions and Fees, Distribution of Proceeds, Directing Conveyance and for Writ of Possession/Ejectments" (**Confirmation Order**) and "Judgment" (**Confirmation Judgment**), both filed on August 15, 2018; and (3) "Writ of Possession" filed on August 20, 2018.[1]

On April 1, 2022, Plaintiff-Appellee Wilmington Savings Fund Society, FSB, doing business as Christiana Trust, Not in Its Individual Capacity, but Solely as Trustee for BCAT 2015-14BTT (**Wilmington**) filed a Motion to Dismiss Appeal contending the appeal is moot because the Domingos failed to obtain a stay and the subject property had been sold and conveyed to a third-party good-faith purchaser, BBNY REO LLC, a Florida Limited Liability Company (**BBNY**).

As discussed below, we initially held that the appeal was moot and dismissed the appeal. However, the Hawaiʻi Supreme

---

[1] The Honorable Robert D.S. Kim presided.

Court vacated that decision and instructed that we remand the case to the Circuit Court for an evidentiary hearing on whether BBNY was a third-party good-faith purchaser. On remand, the Circuit Court determined that BBNY was a third-party good-faith purchaser and also that subsequent buyers were third-party good-faith purchasers.

The Domingos now challenge the Circuit Court's determinations during remand and argue that their appeal is not moot. We hold that the Domingos' appeal is moot because no effective relief can be granted and the appeal must be dismissed.

## I. BACKGROUND

On August 26, 2022, this court entered an Amended Summary Disposition Order concluding the appeal is moot because the Domingos failed to obtain a stay pending the appeal and no effective relief can be granted to the Domingos given the sale of the property to BBNY. The Hawaiʻi Supreme Court granted the Domingos' application for writ of certiorari. On February 15, 2023, the Hawaiʻi Supreme Court filed a Memorandum Opinion vacating this court's Amended Summary Disposition Order, with instructions to temporarily remand the case to the Circuit Court for an evidentiary hearing to determine whether BBNY is a third-party good-faith purchaser. Wilmington Sav. Fund Soc'y, FSB v. Domingo, No. SCWC-18-0000099, 2023 WL 2017392 (Haw. Feb. 15, 2023) (mem. op.).

On February 24, 2023, pursuant to the supreme court's Memorandum Opinion, we entered an Order for Temporary Remand to the Circuit Court.

After an evidentiary hearing on April 11, 2023, the Circuit Court entered "Findings of Fact and Conclusions of Law Regarding Evidentiary Hearing to Determine Good Faith of Purchaser" on April 12, 2023 (**4/12/23 FOFs/COLs**). The Circuit Court found, *inter alia*, that BBNY purchased the subject property from Wilmington for a fair price under the circumstances; BBNY is not related or connected to Wilmington or its loan servicer Selene Finance, LP in any way; the sale of the subject property

3

was completed after negotiations with other interested parties failed; the sale of the property from Wilmington to BBNY was negotiated in good-faith and at arms-length; a Special Warranty Deed and Corrective Special Warranty Deed was recorded in the Land Court conveying the property to BBNY; and in purchasing the property, BBNY noted that the Domingos did not obtain a stay of proceedings and did not post any bond in connection with this consolidated appeal.  The Circuit Court also found that the Domingos filed an action on October 1, 2018, in the Circuit Court of the First Circuit (Civil No. 18-1-1561) asserting claims against Wilmington for damages for wrongful foreclosure and to quiet title.  A Notice of Pendency of Action (***lis pendens***) relating to the civil case was recorded in the Land Court and Wilmington's Certificate of Title to the subject property lists the *lis pendens* as an encumbrance.

The Circuit Court determined, *inter alia*, that without a supersedeas bond, BBNY's knowledge of the Domingos' claims against Wilmington, including the pending consolidated appeal and *lis pendens*, did not prohibit Wilmington from selling the property to BBNY; and BBNY was a good-faith third-party purchaser of the subject property.

The Circuit Court also found that after purchasing the property from Wilmington, BBNY took possession of the property, marketed the property for sale, and sold it to another third-party purchaser; the sale of the property from BBNY to the subsequent purchasers was also negotiated in good-faith and at arms-length; and a Special Warranty Deed was executed and recorded in the Land Court.  The Circuit Court determined the subject property is currently owned by the subsequent purchasers who are also third-party, good-faith purchasers of the property.

Pursuant to the Order for Temporary Remand, jurisdiction automatically reverted to this court on April 14, 2023, upon the filing of the supplemental record on appeal.

On June 30, 2023, this court issued an order allowing the parties to file supplemental briefs to challenge the Circuit Court's 4/12/23 FOFs/COLs.[2]

On July 13, 2023, the Domingos filed their supplemental brief challenging the Circuit Court's COLs determining that BBNY is a good-faith purchaser of the property. The Domingos contend a supersedeas bond was not required where Wilmington purchased the property at the foreclosure sale and BBNY is not a bona fide or good-faith purchaser because it had knowledge of the Domingos' *lis pendens* and Wilmington's certificate of title listed the *lis pendens* as an encumbrance.[3] The Domingos also assert that any subsequent purchaser of the property is not a good-faith purchaser.

The Domingos do not dispute that they failed to obtain a supersedeas bond and thus failed to obtain a stay pending this appeal. The Domingos also do not dispute the Circuit Court's findings of fact, which are thus binding on appeal. See Okada Trucking Co. v. Bd. of Water Supply, 97 Hawaiʻi 450, 459, 40 P.3d 73, 82 (2002).

## II. DISCUSSION

We review the Circuit Court's conclusions of law de novo, under the right/wrong standard. Hawaiʻi Nat'l Bank v. Cook, 100 Hawaiʻi 2, 7, 58 P.3d 60, 65 (2002).

The Domingos first rely on Bank of New York Mellon v. R. Onaga, Inc., 140 Hawaiʻi 358, 366-67, 400 P.3d 559, 567-68 (2017), which applied this court's decision in City Bank v. Saje Ventures II, 7 Haw. App. 130, 748 P.2d 812 (App. 1988). In Onaga, the Hawaiʻi Supreme Court addressed whether a supersedeas

---

[2] After jurisdiction reverted to this court, we initially issued an order on June 20, 2023, dismissing the case as moot based on the Circuit Court's 4/12/23 FOFs/COLs. However, the Domingos filed a motion for reconsideration in which they requested an opportunity to file supplemental briefing, which we granted.

[3] The Domingos also argue that contrary to Wilmington's arguments raised in the Circuit Court, Hawaii Revised Statutes (**HRS**) § 501-118 does not preclude the Domingos' civil action. However, Wilmington did not cite HRS § 501-118 in its motion to dismiss and the Circuit Court does not mention HRS § 501-118.

bond was required for a stay, stating:

> The ICA's opinion in City Bank is instructive on this point. In City Bank, the bank filed a complaint to foreclose on the defendant's mortgage, and the circuit court granted summary judgment in favor of the bank and a junior mortgagee. 7 Haw. App. at 132, 748 P.2d at 814. The property was sold to the highest bidder, and the circuit court entered an order confirming the sale and directing distribution of the proceeds. Id. The defendants timely appealed the order confirming sale. Id. at 133, 748 P.2d at 814.
> The ICA stated, "[t]he general rule is that the right of a good faith purchaser 'to receive property acquired at a judicial sale cannot be affected by the reversal of an order ratifying the sale where a [supersedeas] bond has not been filed.'" Id. (quoting Leisure Campground & Country Club Ltd. P'ship v. Leisure Estates, 280 Md. 220, 372 A.2d 595, 598 (1977)). The ICA explained that the purpose of the rule is to advance "the stability and productiveness of judicial sales." Id. (quoting 47 Am. Jur. 2d Judicial Sales § 55 (1969)). It noted that the exceptions to this rule are when the reversal is based on jurisdictional grounds or when the purchaser is the mortgagee, explaining that the mortgagee in that case "does not free himself from the underlying dispute to which he is a party." See id. (quoting Leisure Campground, 372 A.2d at 598) (brackets omitted).
>
> The ICA then noted that the purchaser of the property was a third party, good faith purchaser, and that "[t]here was no stay of the execution of the confirmation order and the sale of the Property has been closed." See id. at 133, 748 P.2d at 814-15. Thus, the ICA concluded that "the appeal is moot and subject to dismissal." Id. at 134, 748 P.2d at 815.

Onaga, 140 Hawaiʻi at 366-67, 400 P.3d at 567-68 (emphasis added) (footnotes deleted). The Domingos contend that under the second exception to the general rule requiring a supersedeas bond, "the fact that the Domingos did not post a supersedeas bond is of no consequence to the justiciability of their consolidated appeals."

Given the law of the case and the Circuit Court's determinations during remand, we reject the Domingos' argument. In our Amended Summary Disposition Order, we had held that under the circumstances in this case, the second exception to the City Bank rule does not apply because mortgagee Wilmington purchased the property at the commissioner's sale, but has now sold the property to a good-faith third-party purchaser, BBNY. Wilmington Sav. Fund Soc'y, FSB v. Domingo, No. CAAP-18-0000099, 2022 WL 2757363, at *3-5 (Haw. App. July 14, 2022), as amended, (Aug. 26, 2022) (SDO). The supreme court's Memorandum Opinion vacated the Amended Summary Disposition Order, but did not hold that

6

Wilmington's purchase of the property at the commissioner's sale necessarily meant that the Domingos need not have obtained a supersedeas bond. Rather, the supreme court noted that whether BBNY was a third-party good-faith purchaser was a disputed factual issue, and thus directed this court to remand the case to the Circuit Court for an evidentiary hearing on that issue. 2023 WL 2017392, at *1, 8.

The Domingos next argue that the recorded *lis pendens* on Wilmington's Certificate of Title prevents BBNY and subsequent buyers from being third-party good-faith purchasers. We note that the Domingos did not raise this argument in their opposition to Wilmington's motion to dismiss. Instead, the Domingos raised this argument for the first time to this court in a motion for reconsideration. Accordingly, in an Order Granting in Part Motion for Reconsideration entered on August 26, 2022, we held that,

> reconsideration is otherwise denied as unwarranted under Rule 40(b) of the Hawaiʻi Rules of Appellate Procedure, and because the Motion for Reconsideration asserts arguments and presents evidence that could have but were not presented in opposition to the Motion to Dismiss Appeal filed on April 1, 2022. See Sousaris v. Miller, 92 Hawaiʻi 505, 513, 993 P.2d 539, 547 (2000) ("Reconsideration is not a device to . . . raise arguments or evidence that could and should have been brought during the earlier proceeding.").

Even if we assume, *arguendo*, that the *lis pendens* argument is not waived, we disagree with the Domingos' argument. "An innocent or good faith purchaser is one who, by an honest contract or agreement, purchases property or acquires an interest therein, without knowledge, or means of knowledge sufficient to charge him in law with knowledge, of any infirmity in the title of the seller." Bank of New York Mellon v. R. Onaga, Inc., 140 Hawaiʻi 358, 367 n.13, 400 P.3d 559, 568 n.13 (2017) (citation and internal quotation marks omitted).

In Onaga, the Hawaiʻi Supreme Court stated:

> [w]hen the Ferraras purchased the Property, the circuit court had already determined in the consolidated proceedings that [Bank of New York Mellon] had a first priority lien on the Property. Thus, at the time of the purchase, there would not have been an "infirmity in the title" based on Onaga's mortgage.

7

Id.; see also TSA Int'l Ltd. v. Shimizu Corp., 92 Hawaiʻi 243, 265, 990 P.2d 713, 735 (1999) ("[T]he mere filing of a notice of appeal does not affect the validity of a judgment[.]").

Here, when BBNY purchased the subject property, the Circuit Court had already issued its foreclosure decree via its Foreclosure Order and Foreclosure Judgment, and confirmed the foreclosure sale to Wilmington via the Confirmation Order and Confirmation Judgment. Thus, when BBNY subsequently purchased the property from Wilmington, there was no "infirmity in the title" based on the Domingos' mortgage to bar BBNY from purchasing the property in good-faith.

Further, the *lis pendens* filed regarding the wrongful foreclosure civil case did not undermine BBNY's third-party good-faith status. Essentially, the Domingos argue that the *lis pendens* is an alternative to posting a supersedeas bond and obtaining a stay of the Circuit Court's foreclosure judgment and orders. The Domingos fail to cite to any authority to support their use of the *lis pendens* in this manner.

It is well established that "it is [the] appellant's burden to seek a stay if post-appeal transactions could render the appeal moot." Onaga, 140 Hawaiʻi at 367, 400 P.3d at 568 (quoting Lathrop v. Sakatani, 111 Hawaiʻi 307, 313, 141 P.3d 480, 486 (2006)).

"[T]he doctrine of *lis pendens* protects a plaintiff from having his or her claim to the property defeated by the subsequent alienation of the property to a bona fide purchaser during the course of the lawsuit." TSA Int'l, 92 Hawaiʻi at 266, 990 P.2d at 736. The Hawaiʻi Supreme Court has noted the potential for abuse of the *lis pendens* doctrine and explained that:

> The practical effect of a recorded *lis pendens* is to render a defendant's property unmarketable and unsuitable as security for a loan. The financial pressure exerted on the property owner may be considerable, forcing him or her to settle not due to the merits of the suit but to rid himself or herself of the cloud upon his or her title. The potential for abuse is obvious.

Id. at 266-67, 990 P.2d at 736-37 (brackets omitted) (quoting S. Utsunomiya Enters., Inc. v. Moomuku Country Club, 75 Haw. 480, 512, 866 P.2d 951, 967 (1994)).

In Lathrop, the supreme court, citing In re Onouli–Kona Land Co., 846 F.2d 1170 (9th Cir. 1988), noted that a *lis pendens* does not serve the same function as a stay, explaining:

> In Onouli–Kona, a bankruptcy case, the United States Court of Appeals for the Ninth Circuit held that a notice of lis pendens does not serve the same function as a stay and does not preserve the requirement of a live case or controversy. Id. at 1175. In that case, which challenged the confirmation of a foreclosure sale, the Ninth Circuit determined that the sale of the property during the pendency of the appeal rendered the case moot, despite the filing of a notice of lis pendens because "filing of lis pendens does not substitute for debtor's failure to obtain a stay." Id.

111 Hawaiʻi at 313-14, 141 P.3d at 486-87 (emphases added) (brackets omitted); see also Creative Dev. Corp. v. Bond, 367 A.2d 566, 567-70 (Md. Ct. Spec. App. 1976) (holding a foreclosure defendant could not circumvent the posting of a supersedeas bond by filing a separate action and invoking the doctrine of *lis pendens*).

In Creative Development, the appellant-defendant (**Creative**) granted Calhoun Bond (**Bond**) two deeds of trust as to sixty-eight condominium dwelling units. 367 A.2d at 567. Bond was the trustee designated by the lender, Chase Manhattan Mortgage and Realty Trust (**Chase**) for both deeds of trust. Id. Creative defaulted and Bond, as trustee, commenced foreclosure proceedings under both deeds. Id. The Maryland circuit court entered a decree for the sale of the property subject to the deeds of trust and denied Creative's motion to enjoin the sale. Id. at 567-68. The property was then sold at public auction to Chase. Id. at 568.

Creative appealed both the foreclosure decree and the sale. Id.

> Subsequent to the ratification of the sale, Creative, unable to post a supersedeas bond to stay the effect of the ratification and sale of the condominium units to third persons, conceived of another method, designed to accomplish the same purpose as a supersedeas bond but without the costs of such a bond. Creative simply filed another suit, this time seeking to enjoin Chase's sale of the condominium units pending the outcome of the two previous appeals.

Id.

During oral arguments, the Court of Special Appeals of Maryland was informed that all the condominium units had been sold to individual purchasers and Chase no longer had title to any of the property.  Id.  When asked why the appeals were not moot as a result of the sale, Creative argued that the *lis pendens* doctrine applied because a separate injunction suit placed purchasers on notice of Creative's claim to the property. Id.

The Maryland appellate court noted the practical and inequitable consequences of Creative's actions as follows:

> If courts were to sanction the practice upon which Creative would have us place a judicial approbation, we would cast a tremendous financial burden upon lenders who would be placed in the position of having won their case and lost it at the same time.  Without any type of protection, the lenders would be compelled to hold the property that was the subject of the foreclosure pending the outcome of an appeal, would be hesitant to make improvements to the property, and might sustain a huge loss of interest income.

Id. at 568-69 (footnote omitted).  The court held that,

> The old maxim, 'he who seeks equity must do equity,' is applicable here.  Equity will not countenance Creative's collateral attack and resultant collateral appeal to act as *lis pendens* and, at the same time, place upon Bond and Chase the onus of footing the vast expense and loss to which they would be subjected while the appeal is pending, without some assurance that, if Bond and Chase prevail, they will be made whole.  <u>Creative seeks to have it both ways: a viable appeal which ties up the property of Chase, while, at the same time, not going to the expense of posting a bond.</u>  It, thus, wants to gamble, as it were, with someone else's money.  <u>We recognize that which Creative labels lis pendens as an impostor, masquerading as an accepted equitable principle when, in law, equity, and fact, it is not.  Lis pendens does not apply to this case.</u>

Id. at 569-70 (emphases added).

The same policy concerns are salient here.  It is undisputed that after the foreclosure judgment and orders were entered against them, the Domingos moved to stay the proceedings pending the consolidated appeal but failed to post the required supersedeas bond and thus failed to obtain a stay.  Rather than post the required bond, the Domingos chose to rely on the *lis pendens* filed in their separate wrongful foreclosure suit against Wilmington.  Like the appellant in <u>Creative</u>, the Domingos placed

10

the burden on Wilmington without providing adequate assurances by posting the supersedeas bond. Under the circumstances of this case, we hold that the Domingos' *lis pendens* did not prevent BBNY from purchasing the property from Wilmington in good-faith.

The Domingos do not argue that an exception to the mootness doctrine applies, and none of the recognized exceptions to the mootness doctrine apply here. See Hamilton ex rel. Lethem v. Lethem, 119 Hawaiʻi 1, 5-10, 193 P.3d 839, 843-48 (2008) (explaining that the Hawaiʻi Supreme Court has recognized the public interest exception, the "capable of repetition, yet evading review" exception, and adopting the collateral consequences exception).

### III. CONCLUSION

Based on the foregoing, we dismiss the Domingos' appeal as moot.

On the motion:

| | |
|---|---|
| Frederick J. Arensmeyer, for Defendants-Appellants | /s/ Lisa M. Ginoza Chief Judge |
| David B. Rosen, David E. McAllister, Justin S. Moyer, Christina C. Macleod, (Aldridge Pite, LLP) for Plaintiff-Appellee | /s/ Katherine G. Leonard Associate Judge /s/ Karen T. Nakasone Associate Judge |