CITY BANK, Plaintiff-Appellee, *v.* SAJE VENTURES II, EDWIN Y. FUJINAGA, ANDREA FUJINAGA, SAUL TANZMAN, JOY TANZMAN, ASF, INC., a Hawaii corporation, SJT, INCORPORATED, a Hawaii corporation, CHO ENTERPRISES, LIMITED, a Hawaii corporation, DOMAIN CORPORATION, a Hawaii corporation, and INTER-TIME JOINT VENTURE, a Hawaii general partnership, Defendants-Appellants, and WILLIAM K.M. CHEE, Trustee in Bankruptcy for WAIKIKI HOBRON ASSOCIATES, CHARLES PANKOW ASSOCIATES, RIZALINO R. VICENTE, Director of Finance, City and County of Honolulu, Z-R CORPORATION, a Hawaii corporation, JOHN DOES 1-50, JANE DOES 1-50, DOE PARTNERSHIPS 1-50, DOE CORPORATIONS 1-50, DOE ENTITIES 1-50, and DOE GOVERNMENTAL UNITS 1-50, Defendants, and CHARLES PANKOW ASSOCIATES, Defendant Cross-Claimant, *v.* RIZALINO R. VICENTE, Director of Finance, City and County of Honolulu, JOHN ROES 1-10 and ROE PARTNERSHIPS, CORPORATIONS, GOVERNMENTAL UNITS AND OTHER UNITS 1-20, Additional Cross-Claim Defendants, and PHILIP JOHN CASCAVILLA, Intervenor

NO. 11985

(CIVIL NO. 85-0780)

JANUARY 14, 1988

HEEN, ACTING C.J., TANAKA, J., AND CIRCUIT JUDGE RONALD B. GREIG, IN PLACE OF BURNS, C.J., RECUSED

OPINION OF THE COURT BY TANAKA, J.

This is a mortgage foreclosure action in which defendant-mortgagor Saje Ventures II (Saje), a general partnership, its general partners, the guarantors, and others (collectively the Saje Defendants)[1] appeal from the order confirming the commissioner's (Commissioner) public auction sale of the land and a multi-story condominium building thereon in Waikiki (the Property) to Outrigger Hotels Hawaii (Outrigger) for $24,000,000. Claiming irregularities in the Commissioner's sale, the Saje Defendants ask this court to reverse the circuit court's confirmation

---

[1] Besides Saje Ventures II (Saje), the defendants designated collectively as the "Saje Defendants" are defendants ASF, Inc. (ASF), SJT, Incorporated (SJT), Edwin Y. Fujinaga and Andrea Fujinaga (collectively Fujinagas), Saul Tanzman and Joy Tanzman (collectively Tanzmans), Cho Enterprises, Limited (Cho), Domain Corporation (Domain), and Inter-Time Joint Venture (Inter-Time). ASF and SJT were the general partners of Saje. The Fujinagas and Tanzmans were the guarantors of the loan to Saje. The Tanzmans also pledged all of the shares of capital stock of SJT as additional security for the loan. Cho pledged all of the shares of capital stock of ASF as additional security for the loan. Domain and Inter-Time were identified as previously unidentified defendants and certified as party defendants, but the record does not disclose their exact interest in the Property or the foreclosure case.

order and to "remand the case with instructions that the lower court order a new sale[.]" Since the Saje Defendants did not stay the effect of the confirmation order and since there has been a closing of the sale of the Property to Outrigger which cannot be undone under the facts and the law, we cannot grant the relief sought by the Saje Defendants. Therefore, the appeal is moot and must be dismissed.

I.

On January 31, 1983, plaintiff City Bank loaned Saje $35,000,000 which was secured by a mortgage covering the Property. On February 26, 1985, City Bank filed a complaint to foreclose the mortgage. Approximately a month later Saje filed an answer "admit[ting] the allegations contained in the complaint." On September 6, 1985, the circuit court granted summary judgment in favor of City Bank and a junior mortgagee[2] and issued a foreclosure decree appointing a commissioner to sell the Property at public auction without an upset price.

The Commissioner held the auction on August 15, 1986. There were two bids of which Outrigger's $24,000,000 was the highest. Ten days later City Bank moved to confirm the sale. The Saje Defendants opposed City Bank's motion on grounds that (1) the Commissioner violated his duty to obtain the highest possible purchase price for the Property, (2) City Bank improperly interfered with the foreclosure sale, and (3) the highest bid at the auction was "grossly inadequate."

After a hearing held on the motion, the circuit court on November 26, 1986, entered its order confirming the sale and directing distribution of the proceeds. Six days later the Commissioner closed the transaction with Outrigger.[3] On December 8, 1986, the Saje Defendants filed a motion for reconsideration of the

---

[2]Defendant Charles Pankow Associates, a California corporation, was the junior mortgagee.

[3] The Commissioner's March 27, 1987 distribution statement and final report and accounting states that the transaction closed on November 30, 1986 (a Sunday), but the final escrow statement states that the closing date was December 2, 1986.

November 26, 1986 order. After the denial of their motion on January 13, 1987, the Saje Defendants timely appealed.[4]

## II.

The general rule is that the right of a good faith purchaser "to receive property acquired at a judicial sale cannot be affected by the reversal of an order ratifying the sale where a [supersedeas] bond has not been filed[.]" *Leisure Campground & Country Club Ltd. Partnership v. Leisure Estates,* 280 Md. 220, 223, 372 A.2d 595, 598 (1977). *See also Citibank, N.A. v. Data Lease Fin. Corp.,* 645 F.2d 333, 336 (5th Cir. 1981). The purpose of the rule is to advance "the stability and productiveness of judicial sales[.]" 47 Am. Jur. 2d *Judicial Sales* § 55 (1969). An exception to the rule is where the reversal is based on jurisdictional grounds. *Id.* at § 54. The second exception is where the purchaser is the mortgagee since he "does not free himself from the underlying dispute to which he is a party[.]" *Leisure Campground,* 280 Md. at 223, 372 A.2d at 598. *See also* 47 Am. Jur. 2d *Judicial Sales* §§ 59-61.

In this case, the purchaser of the Property was Outrigger, a third party not involved in the case. There is nothing in the record to indicate that Outrigger was not a good faith purchaser. There was no stay of the execution of the confirmation order and the sale of the Property has been closed. The grounds upon which the Saje Defendants seek reversal of the confirmation order are not jurisdictional in nature. Thus, even if this court were to reverse the circuit court's confirmation order, the reversal would not affect the closed sale to Outrigger.

---

[4] Foreclosure cases are bifurcated into two parts for appeal purposes. The foreclosure decree is the first part. All other orders are included in the second part. "In foreclosure cases which result in a deficiency, the last and final order which starts the clock running is usually the deficiency judgment." *Hoge v. Kane I,* 4 Haw. App. 246, 247, 663 P.2d 645, 647 (1983).

Here, the foreclosure sale resulted in a deficiency entitling City Bank to a deficiency judgment. Consequently, the November 26, 1986 confirmation order normally would not have been the final and appealable judgment. However, the confirmation order includes a Hawaii Rules of Civil Procedure (HRCP) Rule 54(b) certification of finality which made it appealable.

## III.

The United States Supreme Court has stated that when "an event occurs which renders it impossible for [an appellate] court, if it should decide the case in favor of the [appellant], to grant him any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal." *Mills v. Green,* 159 U.S. 651, 653, 16 S. Ct. 132, 133, 40 L. Ed. 293, 294 (1895). As succinctly put by another court, "[a] case is moot if the reviewing court can no longer grant effective relief." *United States v. Oregon,* 718 F.2d 299, 302 (9th Cir. 1983).

Here, the Saje Defendants did not file a supersedeas bond to stay the enforcement of the November 26, 1986 confirmation order. Therefore, as discussed above, even if we were to reverse the confirmation order, the closed sale of the Property to Outrigger could not be vitiated and we could not direct a new sale of the Property as requested by the Saje Defendants. Consequently, the appeal is moot and subject to dismissal. *See United States v. Wylie,* 730 F.2d 1401 (11th Cir. 1984); *Schaaf v. S. S. North American,* 368 F.2d 925 (3d Cir. 1966); *Edwards v. Hanna Lumber Co.,* 415 P.2d 980 (Okla. 1966).

The Saje Defendants argue for the first time in their reply brief that the Commissioner's violation of Hawaii Rules of Civil Procedure (HRCP) Rule 62(a)[5] precluded them from "being able to decide whether to post a bond pending their appeal." This argument, however, is without merit under the circumstances of this case.

For purposes of this discussion we will assume that the closing of the sale to Outrigger only six days after the filing of the confirmation order violated Rule 62(a). That error, however, did not prevent the Saje Defendants from deciding whether to proceed (1) under HRCP Rule 62(b) by filing a post-judgment motion and obtaining a stay of the enforcement of the confirmation order or (2) under HRCP Rule 62(d) by filing a notice of appeal and giving a supersedeas bond. *See United States v. One 1962 Ford Galaxie Sedan,*

---

[5] HRCP Rule 62(a) provides in pertinent part:
    Except as stated herein, no execution shall issue upon a judgment nor shall proceedings be taken for its enforcement until the expiration of 10 days after its entry.

41 F.R.D. 156 (S.D. N.Y. 1966). The Saje Defendants opted to file a motion for reconsideration under HRCP Rule 59.

The motion for reconsideration, even if it had been filed prior to the closing of the sale, would not of itself have stayed enforcement of the confirmation order. *See* 11 C. Wright & A. Miller, *Federal Practice and Procedure: Civil* § 2903 (1973). Once the motion was filed it was within the circuit court's discretion to stay the enforcement of the order. Such stay was neither requested by the Saje Defendants nor granted by the court.

Moreover, even if we were to assume that the premature sale of the Property to Outrigger actually prevented the Saje Defendants from giving a supersedeas bond or from obtaining a stay pending disposition of the reconsideration motion, they would still be precluded from raising the argument on appeal because they failed to raise it in the proceedings below. After the Commissioner closed the sale of the Property to Outrigger the Saje Defendants could have, but did not, move to set aside the sale on grounds that the confirmation order had been enforced prior to the expiration of the automatic 10-day stay. 7 J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 62.03 at 62-11, 12 (2d ed. 1985). The record discloses that the Saje Defendants never objected to the Commissioner's premature sale at any time below and did not raise this issue in their opening brief on appeal.

Only in the reply brief which was filed nine months after the closing of the sale did the Saje Defendants ever address this issue. Only then did they argue that the Commissioner's premature closing deprived them of the opportunity to give a supersedeas bond and to stay enforcement of the confirmation order. This argument comes too late, for we are not obligated to consider a point raised for the first time on appeal. Mizoguchi v. State Farm Mut. Auto. Ins. Co., 66 Haw. 373, 383, 663 P.2d 1071, 1077 (1983); *Miller v. Leadership Hous. Sys., Inc.,* 57 Haw. 321, 325, 555 P.2d 864, 867 (1976). An appellate court will deviate from this rule only when justice so requires. *Earl M. Jorgensen Co. v. Mark Constr., Inc.,* 56 Haw. 466, 475-76, 540 P.2d 978, 985 (1975); *Hong v. Kong,* 5 Haw. App. 174, 177, 683 P.2d 833, 837 (1984). Justice, however, does not dictate that we address this issue in this case.

Appeal dismissed.

*Mary Blaine Johnston (Boyce R. Brown, Jr.* with her on the briefs;

136

*Brown, Johnston & Day,* of counsel) for defendants-appellants.

*John A. Chanin (Dennis W. Jung* with him on the brief; Law Offices of *John A. Chanin,* of counsel) for plaintiff-appellee.