**Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000627
18-DEC-2020
08:03 AM
Dkt. 109 SO**

NO. CAAP-16-0000627

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


ASSOCIATION OF CONDOMINIUM HOMEOWNERS OF TROPICS AT WAIKELE,
BY ITS BOARD OF DIRECTORS, Plaintiff-Appellee,
v.
PATSY NAOMI SAKUMA, Defendant-Appellant,
and
FIRST HAWAIIAN BANK, A HAWAII CORPORATION; WAIKELE COMMUNITY
ASSOCIATION, A HAWAII NONPROFIT CORPORATION,
Defendants-Appellees,
and
JOHN DOES 1-5; JANE DOES 1-5; DOE PARTNERSHIPS 1-10;
DOE ENTITIES 1-5; and DOE GOVERNMENTAL UNITS 1-5, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 07-1-1487)


SUMMARY DISPOSITION ORDER
(By:  Ginoza, Chief Judge, Wadsworth and Nakasone, JJ.)

        This case arises from a judicial foreclosure action commenced by Plaintiff-Appellee Association of Condominium Homeowners of Tropics at Waikele (**AOAO**) against Defendant-Appellant Patsy Naomi Sakuma (**Sakuma**) and Defendant-Appellee First Hawaiian Bank.  Sakuma, self-represented, appeals from the August 15, 2016 "Order Denying [Sakuma's] Motion for Reconsideration of the March 22, 2016 Order Denying [Sakuma's] Motion to Vacate Default Judgment; Summary Judgment Against Sakuma; Interlocutory Decree of Foreclosure; Order Granting [AOAO's] Motion for Order for Confirmation of Sale by

Commissioner; May 12, 2013[1] Judgment; Judgment for Possession; Writ of Possession, Filed December 8, 2015" (**Order Denying Motion for Reconsideration**), entered by the Circuit Court of the First Circuit (**circuit court**).[2]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we conclude that Sakuma's appeal is moot.

Sakuma challenges both the March 22, 2016 order denying her December 8, 2015 Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 60(b) motion to vacate, as well as the August 15, 2016 Order Denying Motion for Reconsideration.

In a previous appeal by Sakuma from the same underlying case, Civil No. 07-1-1487-08 in the First Circuit Court, we dismissed the appeal as moot and the Hawaiʻi Supreme Court denied Sakuma's application for writ of certiorari. Assoc. of Condo. Homeowners of Tropics at Waikele ex rel. Bd. of Dirs. v. Sakuma, No. CAAP-12-0000870, 2016 WL 299530, (Haw. App. Jan. 21, 2016) (SDO), cert. denied, No. SCWC-12-0000870, 2016 WL 6804410 (Nov. 1, 2016).  In that prior appeal, Sakuma appealed from the order confirming the foreclosure sale, the judgment for possession, and the writ of possession, all entered on May 29, 2012.  Id. at *1. She also challenged the denial of her June 7, 2012 motion for reconsideration of the May 29, 2012 order confirming the foreclosure sale.  Id.  We analyzed whether the mootness doctrine applied, stating:

> The general rule is that the right of a good faith purchaser "to receive property acquired at a judicial sale cannot be affected by the reversal of an order ratifying the sale where a [supersedeas] bond has not been filed[.]"  Leisure Campground & Country Club Ltd. Partnership v. Leisure

_____

[1]  There was no judgment, judgment for possession, or writ of possession filed on May 12, 2013, in this matter.  This was a typographical error initially made by Sakuma in her motion to vacate that went uncorrected.  It appears that Sakuma was referring to the judgment, judgment for possession, and writ of possession, all filed on May 29, 2012.

[2]  The Honorable Bert I. Ayabe presided.

Estates, 280 Md. 220, 223, 372 A.2d 595, 598 (1977). See also Citibank, N.A. v. Data Lease Fin. Corp., 645 F.2d 333, 336 (5th Cir. 1981). The purpose of the rule is to advance "the stability and productiveness of judicial sales [.]" 47 Am. Jur. 2d Judicial Sales § 55 (1969). An exception to the rule is where the reversal is based on jurisdictional grounds. Id. at § 54. The second exception is where the purchaser is the mortgagee since he "does not free himself from the underlying dispute to which he is a party[.]" Leisure Campground, 280 Md. at 223, 372 A.2d at 598. See also 47 Am. Jur. 2d Judicial Sales §§ 59-61.

Id. at *1 (quoting City Bank v. Saje Venture II, 7 Haw. App. 130, 133, 748 P.2d 812, 814 (1988)).[3] We held:

The record on appeal includes the Distribution Statement and Account of Commissioner; Exhibit "A" (Distribution Statement) and Certificate of Service, filed on July 2, 2012. The Distribution Statement confirms that the sale of the Property was closed, through Title Guaranty Escrow Services, Inc., on July 2, 2012. Sakuma failed to obtain a stay of the sale transaction, the completed sale of the Property rendered this appeal moot, and, upon review, no exceptions to the mootness doctrine apply. [Lathrop v. Sakatani, 111 Hawaiʻi 307, 313-315, 141 P.3d 480, 486-88 (2006).]

Id. at *2. We therefore dismissed Sakuma's prior appeal as moot. Id.

The relief Sakuma ultimately seeks through the motion to vacate and the motion to reconsider that are the subject of the current appeal is to vacate the very orders and judgments that were the subject of the previous appeal, as well as orders and judgments that led thereto. Thus, for the same reasons that we deemed the previous appeal to be moot, the issues raised in this appeal are also moot. See Kahoʻohanohano v. State, 114 Hawaiʻi 302, 332, 162 P.3d 696, 726 (2007) ("[A] case is moot if the reviewing court can no longer grant effective relief." (citation and emphasis omitted)). Although Sakuma attempts to argue that the exceptions to mootness apply, her arguments have no merit. Furthermore, we already held in the previous appeal that no exceptions to the mootness doctrine applied. Assoc. of Condo. Homeowners of Tropics at Waikele ex rel. Bd. of Dirs.,

---

[3] The Hawaiʻi Supreme Court has since adopted this court's general rule stated in City Bank. See Bank of New York Mellon v. R. Onaga, Inc., 140 Hawaiʻi 358, 366-67, 400 P.3d 559, 567-68 (2017).

2016 WL 299530, at *2.  Sakuma has not raised any new arguments that defeat application of the mootness doctrine to the issues raised in this appeal.

Accordingly, we dismiss this appeal as moot.

DATED:  Honolulu, Hawaiʻi, December 18, 2020.

On the briefs:                          /s/ Lisa M. Ginoza
                                        Chief Judge
Pat N. Sakuma,
Defendant-Appellant pro se.             /s/ Clyde J. Wadsworth
                                        Associate Judge
R. Laree McGuire,
H. Maxwell Kopper,                      /s/ Karen T. Nakasone
for Plaintiff-Appellee.                 Associate Judge

Jonathan W.Y. Lai,
Tracey L. Ohta,
for Defendant-Appellee.