**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000663
30-DEC-2022
08:07 AM
Dkt. 62 SO**

NOS. CAAP-19-0000663 AND CAAP-22-0000090

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

WILMINGTON SAVINGS FUND SOCIETY, FSB,
D/B/A CHRISTIANA TRUST AS OWNER TRUSTEE OF
THE RESIDENTIAL CREDIT OPPORTUNITIES TRUST III,
Plaintiff-Appellee,
v.
RALPH CARDONA SOTO, JR., ALSO KNOWN AS RALPH C. SOTO, JR.;
KIMBERLY ANN SOTO, ALSO KNOWN AS KIMBERLY A. SOTO,
Defendants-Appellants,
and
EWA BY GENTRY COMMUNITY ASSOCIATION; and
GUARDIAN CAPITAL MANAGEMENT HAWAII, LLC,
Defendants-Appellees,
and
JOHN DOES 1-20; JANE DOES 1-20; DOE CORPORATIONS 1-20;
DOE ENTITIES 1-20; AND DOE GOVERNMENTAL UNITS 1-20,
Defendants

APPEALS FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 17-1-1388)

SUMMARY DISPOSITION ORDER
(By: Ginoza, C.J., and Wadsworth and McCullen, JJ.)

In these consolidated appeals arising out of a foreclosure action, Defendants-Appellants Ralph Cardona Soto, Jr. and Kimberly Ann Soto (**the Sotos**) appeal from the following:

(1) the Judgment (**Foreclosure Judgment**), based on the "Findings of Fact, Conclusions of Law and Order Granting Plaintiff's Motion for Summary Judgment Against All Defendants and for Interlocutory Decree of Foreclosure" (**Foreclosure Order**), both entered on August 30, 2019, by the Circuit Court of the First

Circuit (**Circuit Court**); and

(2) the Judgment (**Confirmation Judgment**), based on the "Order Confirming Foreclosure Sale, Approving Commissioner's Report, Allowance of Commissioner's Fees, Attorney's Fees, Costs, Directing Conveyance and for Writ of Ejectment" (**Confirmation Order**), both entered on January 27, 2022 by the Circuit Court.

These judgments and orders were entered in favor of Plaintiff-Appellee Wilmington Savings Fund Society, FSB d/b/a/ Christiana Trust as Owner Trustee of the Residential Credit Opportunities Trust III (**Wilmington**) and against all defendants, including the Sotos.

As to the Foreclosure Judgment and the Foreclosure Order, the Sotos contend on appeal that the Circuit Court erred in granting summary judgment in favor of Wilmington, because Wilmington allegedly failed to establish its standing through admissible evidence. As to the Confirmation Judgment and the Confirmation Order, the Sotos contend on appeal that the Circuit Court erred in determining that the foreclosure sale price for the subject property was "fair and reasonable."

For the reasons discussed below, we conclude that these consolidated appeals must be dismissed as moot.

## I. Brief Background

On August 25, 2017, Wilmington filed a Complaint for Mortgage Foreclosure against the Sotos and others. On August 30, 2019, the Circuit Court entered the Foreclosure Order and the Foreclosure Judgment. On September 27, 2019, the Sotos filed a notice of appeal from the Foreclosure Order and the Foreclosure Judgment, creating appellate case number CAAP-19-0000663. The Sotos did not obtain a stay pending appeal.

On January 27, 2022, the Circuit Court entered the Confirmation Order and the Confirmation Judgment. The Confirmation Order, among other things, confirmed the sale of the Property to third-party purchaser Theodore Takai III (**T. Takai**). On February 28, 2022, the Sotos filed a notice of appeal from the Confirmation Order and the Confirmation Judgment, creating

2

appellate case number CAAP-22-0000090.

On February 23, 2022, Wilmington filed a motion to dismiss the appeal in CAAP-19-0000663, arguing that the appeal is moot because the Sotos failed to obtain a stay, and the land court property at issue (**Property**) was sold to a bona fide purchaser. In response, the Sotos argued, among other things, that Wilmington had submitted no evidence showing that the sale of the Property to T. Takai had closed, and the Sotos intended to appeal from the Confirmation Judgment.

On November 2, 2022, Wilmington filed a motion to dismiss the appeal in CAAP-22-0000090, along with declarations of T. Takai and his wife, Courtney Jeanette Nekota Takai (collectively, **the Takais**), and an attached copy of the Commissioner's Deed, which conveyed the Property to the Takais and was recorded in the Land Court on September 26, 2022. Wilmington argued that the appeal in CAAP-22-0000090 is moot because the Sotos failed to obtain a stay, and the Property was sold to bona fide purchasers, as reflected in the Commissioner's Deed. The Sotos countered: (1) Mr. Takai was aware of the appeals in CAAP-19-0000663 and CAAP-22-0000090, which "are an infirmity in the title of the [P]roperty," thus, he is not a bona fide purchaser; (2) the Sotos have filed in the Circuit Court a motion for stay of proceedings pending disposition of these appeals; and (3) Mr. Takai has not established that he has "conclusive and unimpeachable" title to the Property because there is no evidence that a new certificate of title has been issued.

On December 8, 2022, we entered an order consolidating the appeals in CAAP-19-0000663 and CAAP-22-0000090.

## II. Discussion

"[A] case is moot if the reviewing court can no longer grant effective relief." Kahoʻohanohano v. State, 114 Hawaiʻi 302, 332, 162 P.3d 696, 726 (2007) (emphasis omitted) (quoting Kemp v. State of Haw. Child Support Enf't Agency, 111 Hawaiʻi 367, 385, 141 P.3d 1014, 1032 (2006)). "Mootness is an issue of subject matter jurisdiction. Whether a court possesses subject

matter jurisdiction is a question of law reviewable de novo."
State v. Nakanelua, 134 Hawai'i 489, 501, 345 P.3d 155, 167
(2015) (brackets and emphasis omitted) (quoting Hamilton ex rel.
Lethem v. Lethem, 119 Hawai'i 1, 4–5, 193 P.3d 839, 842–43
(2008)).

In City Bank v. Saje Ventures II, 7 Haw. App. 130, 748
P.2d 812 (1988), this court stated:

> The general rule is that the right of a good faith purchaser
> "to receive property acquired at a judicial sale cannot be
> affected by the reversal of an order ratifying the sale
> where a [supersedeas] bond has not been filed." Leisure
> Campground & Country Club Ltd. Partnership v. Leisure
> Estates, 280 Md. 220, 223, 372 A.2d 595, 598 (1977). See
> also Citibank, N.A. v. Data Lease Fin. Corp., 645 F.2d 333,
> 336 (5th Cir. 1981). The purpose of the rule is to advance
> "the stability and productiveness of judicial sales." 47
> Am. Jur. 2d *Judicial Sales* § 55 (1969). An exception to the
> rule is where the reversal is based on jurisdictional
> grounds. Id. at § 54. The second exception is where the
> purchaser is the mortgagee since he "does not free himself
> from the underlying dispute to which he is a party."
> Leisure Campground, 280 Md. at 223, 372 A.2d at 598. See
> also 47 Am. Jur. 2d *Judicial Sales* §§ 59–61.

Id. at 133, 748 P.2d at 814 (some brackets omitted); see also
Lathrop v. Sakatani, 111 Hawai'i 307, 313, 141 P.3d 480, 486
(2006) ("[T]he sale of the property prevents the appellate court
from granting any effective relief."). Moreover, "it is the
appellant's burden to seek a stay if post-appeal transactions
could render the appeal moot." Bank of New York Mellon v. R.
Onaga, Inc., 140 Hawai'i 358, 367, 400 P.3d 559, 568 (2017)
(quoting Lathrop, 111 Hawai'i at 313, 141 P.3d at 486).

In Onaga, the Hawai'i Supreme Court expressly adopted
the City Bank rule "for application to Land Court properties as
well as properties administered pursuant to HRS Chapter 502
(Regular System)[,]" and held that "an appellant challenging a
foreclosure must post a supersedeas bond or otherwise obtain a
stay pursuant to [Hawai'i Rules of Civil Procedure (HRCP)] Rule
62 or Hawai'i Rules of Appellate Procedure (HRAP) Rule 8."
Onaga, 140 Hawai'i at 367, 400 P.3d at 568. In sum:

> A party who wishes to stay an order confirming a foreclosure
> sale pending appeal must post a supersedeas bond or
> otherwise obtain a stay pursuant to HRCP Rule 62 or HRAP
> Rule 8. If a stay is not obtained and the property is sold
> to a bona fide purchaser, the appeal should be dismissed as
> moot because no effective relief can be granted.

4

Onaga, 140 Hawaiʻi at 370, 400 P.3d at 571.

Here, the respective declarations of the Takais, together with the attached Commissioner's Deed, show that on September 26, 2022, the Commissioner's Deed conveying the Property to the Takais was recorded in the Office of the Assistant Registrar of the Land Court as "Document Number T-11956147 on Cert(s) 705887 resulting in the issuance of Cert(s) 1244276." Nonetheless, the Sotos argue that Mr. Takai is not a bona fide purchaser.

"An innocent or good faith purchaser is one who, by an honest contract or agreement, purchases property or acquires an interest therein, without knowledge, or means of knowledge sufficient to charge him in law with knowledge, of any infirmity in the title of the seller." Id. at 367 n.13, 400 P.3d at 568 n.13 (internal quotation marks omitted) (quoting Kaʻu Agribusiness Co. v. Heirs or Assigns of Ahulau, 105 Hawaiʻi 182, 193, 95 P.3d 613, 624 (2004)).

Here, the Takais attest in their respective declarations that they submitted the high bid for the Property at the December 9, 2021 hearing on Wilmington's motion to confirm the foreclosure sale; the sale of the Property to the Takais was confirmed; the Commissioner's Deed conveyed the Property to the Takais as tenants by the entirety; and the Takais are not affiliated with or otherwise related or connected to Wilmington or its loan servicer, American Mortgage Investment Partners Management LLC. The Sotos do not dispute the Takais' declarations or the Commissioner's Deed. Nor do the Sotos provide any authority supporting their argument that a pending appeal from a foreclosure judgment creates an infirmity in the title of the seller in a judicial foreclosure sale, such that a third-party purchaser who is aware of the appeal is not a good-faith purchaser. Indeed, an appellant "who has failed to obtain a stay by posting a bond, may not attack a good-faith purchaser's title to property purchased at a judicial sale and confirmed by court order." Onaga, 140 Hawaiʻi at 367, 400 P.3d at 568.

In Onaga, the supreme court also noted:

5

> When the [purchasers at the judicial foreclosure sale] purchased the Property, the circuit court had already determined in the consolidated proceedings that [the foreclosing entity] had a first priority lien on the Property. Thus, at the time of the purchase, there would not have been an "infirmity in the title" based on [the junior lienholder's] mortgage.

Id. at 367 n.13, 400 P.3d at 568 n.13.

Here, when the Takais purchased the Property, the Circuit Court had already issued its foreclosure decree via its Foreclosure Order and Foreclosure Judgment, and confirmed the foreclosure sale via the Confirmation Order and Confirmation Judgment. Thus, at the time the Takais purchased the Property, there was no "infirmity in the title" based on the Sotos' mortgage to bar the Takais from purchasing the Property in good-faith.

In sum, the declarations of the Takais and the attached Commissioner's Deed indicate that the Takais are good-faith purchasers and the Sotos have not shown otherwise. See City Bank, 7 Haw. App. at 133, 748 P.2d at 814-15 (noting that the purchaser of the property was a third-party not involved in the case and "[t]here is nothing in the record to indicate that [the third-party purchaser] was not a good faith purchaser"); Wilmington Sav. Fund Soc'y, FSB as Tr. for BCAT 2015-14BTT v. Domingo, No. CAAP-18-0000099, 2022 WL 2757363, at *5 (App. July 14) (SDO), cert. granted, No. SCWC-18-0000099, 2022 WL 17665672, *1 (Haw. Dec. 14, 2022) (ruling that "[t]he Bymel Declaration indicates that BBNY is a good-faith purchaser and the Domingos fail to show otherwise"); Ass'n of Condominium Homeowners of Tropics at Waikele v. Sakuma, No. CAAP-12-0000870, 2016 WL 299530, at *2 (Haw. App. Jan. 21, 2016) (concluding that "[t]he Distribution Statement confirms that the sale of the Property [to a good-faith purchaser] closed . . . on July 2, 2012.").

The Sotos assert that on October 28, 2022, they filed a motion for stay in the Circuit Court, and any decision on Wilmington's pending motions to dismiss these appeals should wait until the Sotos' motion for stay is heard. However, it is undisputed that the Sotos did not post a supersedeas bond or otherwise obtain a stay prior to the Property being sold to the Takais. In these circumstances, where the Takais have been shown

to be good-faith purchasers (see supra), no effective relief can be granted to the Sotos, and these appeals must be dismissed as moot.  See Onaga, 140 Hawaiʻi at 370, 400 P.3d at 571.

### III. Conclusion

For the reasons discussed above, we dismiss these consolidated appeals as moot.

DATED:  Honolulu, Hawaiʻi, December 30, 2022.


On the briefs:

In CAAP-19-0000663:

Frederick J. Arensmeyer
for Defendants-Appellants.

Charles R. Prater and
Peter T. Stone
(TMLF Hawaii LLLC)
for Plaintiff-Appellee.


In CAAP-22-0000090:

Keith M. Kiuchi
for Defendants-Appellants.

Charles R. Prather,
Sun Young Park, Vincent G.
Kruse, Jason L. Cotton, and
Peter T. Stone
(TMLF Hawaii LLLC)
for Plaintiff-Appellee
Stone

/s/ Lisa M. Ginoza
Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge